IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZACHARY ROSS ERWIN RUSK,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MONTE D. KARTCHNER, et al.,<br><br>　　　　　　　　　Defendants. | **ORDER AND MEMORANDUM DECISION TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:23-cv-402-TC<br><br>Judge Tena Campbell |

　　　　Plaintiff, self-represented inmate Zachary Ross Erwin Rusk, brings this civil rights action, see 42 U.S.C. § 1983, without prepaying the filing fee. See 28 U.S.C. § 1915. Having now screened the Complaint (ECF No. 3) under its statutory review function, 28 U.S.C. § 1915A, the court orders Mr. Rusk to file an amended complaint to cure deficiencies before further pursuing claims.

## COMPLAINT'S DEFICIENCIES

　　　　The court notes the following deficiencies and provides guidance below concerning specific issues. The complaint:

　　　　(a) does not affirmatively link specific civil rights violations to specific defendants;

　　　　(b) improperly alleges civil rights violations on a respondeat superior theory;

　　　　(c) inappropriately names a prosecutor as a defendant, without considering prosecutorial immunity;

　　　　(d) requests redress for the Defendants' alleged crimes—or that Defendants be charged with crimes—even though a federal civil rights action is not the proper place to address criminal behavior;

(e) needs clarification about what constitutes a cause of action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101;

(f) does not appear to recognize that legal malpractice is not a federal civil rights claim;

(g) alleges conspiracy claims that are too vague;

(i) improperly names the Plaintiff's public defenders as defendants, even those these attorneys are not state actors under § 1983;

(j) names a judge as a defendant without considering judicial immunity;

(k) asserts claims attacking the validity of the Plaintiff's conviction and sentence, even though these claims must be timely exhausted in the state court system before being brought in a federal habeas corpus petition, not a civil rights complaint;

(l) seeks to hold a witness liable for testimony, even though witnesses are "entitled to absolute immunity with respect to any testimony[,]" see Romero v. Brown, 859 F. App'x 245, 248–49 (10th Cir. 2021) (citing Briscoe v. LaHue, 460 U.S. 325, 326 (1983));

(m) does not adequately state a claim for improper physical treatment;

(n) improperly asserts a retaliation claim.

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Commc'ns Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a

claim on which relief can be granted." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for [a] pro se litigant." Id. Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

## A. General Considerations

Mr. Rusk should consider these general points before filing an amended complaint:

(i) The amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may not be added to after it is filed without moving for amendment. Fed. R. Civ. P. 15.

(ii) The complaint must clearly state what each defendant—typically, a named government employee—did to violate Mr. Rusk's civil rights. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in a civil rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" Stone v. Albert, 338 F. App'x 757, 759 (10th Cir. 2009) (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)). Mr. Rusk should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iii) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Mr. Rusk should be as brief as possible while still using enough

3

words to fully explain the "who," "what," "where," "when," and "why" of each claim. Robbins, 519 F.3d at 1248 ("The [Bell Atlantic Corp. v.] Twombly Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiffs' conclusory allegations … would have little idea where to begin.' Id.").

(iv) Plaintiff may not name an individual as a defendant based solely on that individual's supervisory position. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that supervisory status alone does not support § 1983 liability).

(v) The bare denial of a grievance, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vi) "No action shall be brought with respect to prison conditions under [Federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). But Plaintiff need not include grievance details in his complaint. Failure to exhaust administrative remedies is an affirmative defense that must be raised by Defendants. Jones v. Bock, 549 U.S. 199, 216 (2007).

B. **Affirmative Link**

A plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal participation requirement:

> That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. [Vasquez v. Davis, 882 F.3d 1270, 1275 (10th Cir. 2018).] Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013); see also Robbins v.

4

> Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants "it is particularly important … that the complaint make clear exactly who is alleged to have done what to whom"); Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

Estate of Roemer v. Johnson, 764 F. App'x 784, 790-91 (10th Cir. 2019) (footnote omitted).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." Id. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." Id.

### C. Respondeat Superior

In asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Consequently, there is no respondeat superior liability under § 1983. See id.; Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

D. **Prosecutorial Immunity**

Prosecutors acting within the scope of their duties enjoy absolute immunity from suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 424 (1976). The prosecutors' acts, as alleged by Mr. Rusk, relate to advocacy in court. As a result, prosecutor defendants may be entitled to absolute prosecutorial immunity from this lawsuit.

E. **ADA**

Mr. Risk should also consider this information in amending the complaint:

> To state a failure-to-accommodate claim under [the ADA], [Plaintiff] must show:
> (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) [the defendant] knew he was disabled and required an accommodation.

Ingram v. Clements, 705 F. App'x 721, 725 (10th Cir. 2017) (quoting J.V. v. Albuquerque Pub. Sch., 813 F.3d 1289, 1295 (10th Cir. 2016)).

Further,

> "[c]ourts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." J.V., 813 F.3d at 1295. "The ADA requires more than physical access to public entities: it requires public entities to provide 'meaningful access' to their programs and services." Robertson v. Las Animas County Sheriff's Dep't, 500 F.3d 1185, 1195 (10th Cir. 2007). To effectuate this mandate, "the regulations require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" Id. (quoting 28 C.F.R. § 35.130(b)(7)).

Villa v. Dep't of Corrs., 664 F. App'x 731, 734 (10th Cir. 2016).

Finally, Plaintiff may not sue any defendant in an individual capacity under the ADA. Watson v. Utah Highway Patrol, No. 4:18-cv-57-DN-PK, 2019 WL 11314971, at *3 (D. Utah Dec. 27, 2019), adopted by 2020 WL 6157026 (D. Utah Oct. 21, 2020).

> "Only public entities are subject to Title II." <u>City and Cty. of San Francisco v. Sheehan</u>, 575 U.S. 600 (2015). The Tenth Circuit has held "that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." <u>Butler v. City of Prairie Vill.</u>, 172 F.3d 736, 744 (10th Cir. 1999); <u>see also</u> <u>Mason v. Stallings</u>, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the [ADA] does not provide for individual liability, only for employer liability."); <u>Badillo v. Thorpe</u>, 158 F. App'x 208, 211 (11th Cir. 2005) ("[T]here is no individual capacity liability under Title II of the ADA.").

<u>Id.</u> (cleaned up).

### F. Conspiracy

For his potential conspiracy claims, Mr. Rusk "must specifically plead 'facts tending to show agreement and concerted action.'" <u>Beedle v. Wilson</u>, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting <u>Sooner Prods. Co. v. McBride</u>, 708 F.2d 510, 512 (10th Cir. 1983)). Mr. Rusk has not met this responsibility in his current complaint; his vague assertions that multiple people were involved in breaching his civil rights—and, therefore, that a conspiracy must be involved—are not enough. He must assert more detail to pursue these claims further.

### G. State Actor

"[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" <u>Garza v. Bandy</u>, 293 F. App'x 565, 566 (10th Cir. 2008) (quoting <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 325 (1981)). And "though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329 n.6 (1983).

H.  **Judicial Immunity**

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." Segler v. Felfam Ltd. P'ship, 324 F. App'x 742, 743 (10th Cir. 2009) (quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)).  If the judges here were acting in a judicial capacity in presiding over Mr. Rusk's case(s), their actions are entitled to absolute immunity.  See Doran v. Sanchez, 289 F. App'x 332, 332 (10th Cir. 2008).

I.  **Inadequate Physical Treament**

The standards governing such claims are as follows:

> Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  An inmate raising an Eighth Amendment conditions-of-confinement claim must prove both an objective and subjective component associated with the deficiency.  Id. at 834.  The objective component requires conditions sufficiently serious so as to (1) deprive an inmate "of the minimal civilized measure of life's necessities" or (2) subject an inmate to "a substantial risk of serious harm."  Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001) (quotation omitted).  "The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety."  Id.  To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded "an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.  Under this standard, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  This high standard for imposing personal liability on prison officials (i.e., the same standard of subjective recklessness used in the criminal law) is necessary to ensure that only those prison officials that inflict punishment are liable for violating the dictates of the Eighth Amendment.  Id. at 835–45; see also Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006) (holding that Farmer's "subjective component is not satisfied … absent an extraordinary degree of neglect"); Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1286 (10th Cir. 1999) (recognizing that Farmer's deliberate indifference standard sets out a "stringent standard of fault").

Brooks v. Colo. Dep't of Corr., 12 F.4th 1160, 1173 (10th Cir. 2021).

8

### J. Retaliation Claim

To properly assert a retaliation claim, Mr. Rusk must allege three elements: (1) he was involved in "constitutionally protected activity"; (2) the Defendants' behavior injured him in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) the Defendants' injurious behavior was "substantially motivated" as a reaction to his constitutionally protected conduct. Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007).

## MOTION TO APPOINT COUNSEL

Mr. Rusk moves the court to appoint volunteer counsel to represent him free of charge. (ECF No. 13.) But Mr. Rusk has no constitutional right to counsel. See Carper v. Deland, 54 F.3d 613, 616 (10th Cir. 1995); Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987). The court may in its discretion appoint counsel for indigent plaintiffs. See 28 U.S.C. § 1915(e)(1); Carper, 54 F.3d at 617; Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Mr. Rusk bears the burden of convincing the court that his claims have enough merit to warrant the appointment of counsel. McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask volunteer counsel to represent Mr. Rusk free of charge, the court considers a variety of factors, such as "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Williams, 926 F.2d at 996; accord McCarthy, 753 F.2d at 838–39. Considering the above factors, the court concludes that—at this time—Mr. Rusk's claims may not be colorable, the issues in this case are not complex, and Mr. Rusk is not too

incapacitated or unable to adequately function in pursuing this matter. Therefore, the court denies without prejudice Mr. Rusk's motion to appoint counsel.

## MOTIONS TO AMEND COMPLAINT

A civil case may be filed in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

After carefully reviewing the defendants and claims that Mr. Rusk seeks to add, the court has been unable to find any reference to Utah, let alone any allegation that Utah is home to any party, events, omissions or property involving the new defendants and claims. Mr. Rusk appears to be incarcerated in Montana, the defendants he seeks to add are alleged to be in Montana, and all the circumstances forming the bases of potential causes of action have occurred in Montana.

Mr. Rusk's motions to add these Montana-based defendants and causes of action are therefore denied. (ECF Nos. 9, 11, 14–17.) If Mr. Rusk wishes to further pursue legal action against these defendants, based on these causes of action, he must bring any such action in Montana.

## ORDER

IT IS HEREBY ORDERED as follows:

1. Within thirty days, Mr. Rusk must cure the Complaint's deficiencies noted above by filing a document titled "Amended Complaint" that does not refer to or include any other document.

   2. The court directs the Clerk of Court to mail Mr. Rusk the Pro Se Litigant Guide with a blank civil rights complaint form which Mr. Rusk must use if he wishes to pursue an amended complaint.

   3. If Mr. Rusk fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

   4. The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint, filed June 21, 2023 (ECF No. 3). The court will not address any such new claims or outside allegations, which will be dismissed. If Mr. Rusk wishes to raise other claims and allegations, he may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

   5. Mr. Rusk shall not try to serve an amended complaint on any defendants; instead, the court will perform its screening function and determine itself whether the amended complaint warrants service or dismissal (in part or in full). No motion for service of process is needed. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases.").

   6. Mr. Rusk must tell the court of any address change and timely comply with court orders. See D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may

move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

7. Extensions of time are disfavored, though reasonable extensions may be granted.  Any motion for time extension must be filed no later than fourteen days before the deadline to be extended.

8. No direct communication is to take place with any judge.  All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

9. Mr. Rusk must observe the following District of Utah local rule: "A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

10. Mr. Rusk's motion for appointed counsel (ECF No. 13) is DENIED.  If, after the case develops further, it appears that counsel may be needed or of specific help, the court will ask an attorney to appear free of charge on Mr. Rusk's behalf.

11. Mr. Rusk's motions to add defendants and otherwise amend his complaint (ECF Nos. 9, 11, 14–17) are DENIED.  The District of Utah is not the proper venue for the defendants and claims involved.

12.     For now, the court will accept one document from Mr. Rusk—the required amended complaint—which may not be longer than twenty pages.  Any further filings not invited by the court shall be returned to Mr. Rusk by the Clerk of Court.

DATED this 2nd day of February, 2024.

BY THE COURT:

_____
Tena Campbell
United States District Judge