IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZACHARY RUSK,<br><br>    Plaintiff,<br><br>v.<br><br>MONTE KARTCHNER, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN CASE**<br><br>Case No. 2:23-cv-402-TC<br><br>Judge Tena Campbell |

Before the court is a motion from Plaintiff Zachary Rusk to reopen this action. (ECF No. 37.) For the following reasons, the court denies that motion.

**BACKGROUND[1]**

As an inmate, Plaintiff Zachary Rusk filed a federal civil rights action under 42 U.S.C. § 1983. (ECF No. 3.) On February 2, 2024, in an order denying Mr. Rusk's motion for appointed counsel, the court detailed the deficiencies in Mr. Rusk's complaint, provided guidance on curing those deficiencies, and gave Mr. Rusk thirty days in which to file an amended complaint. (ECF Nos. 18.) When Mr. Rusk did not respond, the court ordered him to show cause within thirty days why this action should not be dismissed for failure to prosecute. (ECF No. 22.)

Instead of responding to the Order to Show Cause or filing the required amended complaint, Mr. Rusk filed a second motion for appointed counsel. (ECF No. 23.) Denying that

---

[1] This background is repeated in the court's order dismissing the case issued on August 16, 2024. (ECF No. 34.)

motion, the court gave Mr. Rusk "a FINAL thirty days in which to SHOW CAUSE why this action should not be dismissed because of Plaintiff's failure to follow the court's repeated Orders to cure the Complaint's deficiencies by filing a single document titled 'Amended Complaint.'" (ECF No. 25.)

Instead of responding to the Order to Show Cause or filing the required amended complaint, Mr. Rusk filed a motion to recuse this judge and a notice of interlocutory appeal to the Tenth Circuit. (ECF Nos. 26-27.) Within a month, the appeal was dismissed for lack of prosecution. (ECF No. 30.) Meanwhile, on July 11, 2024, this court denied Mr. Rusk's motion for recusal and gave Mr. Rusk another "FINAL thirty days in which to SHOW CAUSE why this action should not be dismissed due to his failure to follow the court's repeated orders to cure the Complaint's deficiencies by filing a single document titled Amended Complaint." (ECF No. 31.)

Mr. Rusk then filed two documents that are not responsive to the orders to show cause. (ECF Nos. 25, 31–33.) The documents consisted of irrelevant citations, past court documents, biblical references, financial records, emails, and commentary. (ECF Nos. 32–33.)

Because Mr. Rusk repeatedly failed to comply with the court's orders, the court dismissed his action without prejudice. (Order, Aug. 16, 2024, ECF No. 34.) Nearly a year later, Mr. Rusk now moves the court to reopen his case. (ECF No. 37.)

## ANALYSIS

The Tenth Circuit has set forth narrow grounds that warrant granting a motion for relief from a court's final judgment, which include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th

Cir. 2018) (citation omitted) (applying these factors in a motion for reconsideration brought under Rule 59(e)); see also Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (applying the same factors in a motion for reconsideration brought under Rule 60(b)).

In his motion, Mr. Rusk cites no change in the intervening law or new evidence. Instead, he claims that certain "GRAMA request[s]" he filed with the Salt Lake County Detention Center "remain[] unfulfilled." (ECF No. 37 at 9.) This allegation does not explain why Mr. Rusk was unable to comply with the court's previous orders in this case. Accordingly, the court finds no reason that would warrant granting Mr. Rusk relief from the final judgment in this action.

The court notes that Mr. Rusk recently signed an email and notification form, through which the court allowed him to email documents to the clerk's office. (See ECF No. 38.) Since receiving that permission, Mr. Rusk has sent 10 emails referencing this action containing either repetitive or unrelated materials. (See Documents Lodged, ECF No. 39.) Under the court's local rule, the court may "revoke an unrepresented party's ability to file by email … after a determination that the privilege has been abused." DUCivR 5-1(b)(1)(A)(vii). Circumstances constituting the abuse of this privilege include repeatedly submitting "nonconforming documents" and "documents that … harass the court, the clerk, or the opposing party[.]" DUCivR 5-1(b)(1)(A)(vii)(a), (c). The court therefore gives notice to Mr. Rusk that it will revoke his email filing privilege unless any future documents are formatted in compliance with the Local Rules and relate solely to the action referenced.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.      Mr. Rusk's motion to reopen the case (ECF No. 37) is DENIED.

3

2.      The court directs the Clerk of Court to lodge any additional documents filed in this case.  The court will not respond to cumulative motions absent good cause.

3.      Any additional material that Mr. Rusk wishes to file must pertain solely to this case and must be formatted in compliance with the Local Rules.  Failure to do so will result in an order revoking Mr. Rusk's email filing privilege.

DATED this 13th day of June, 2025.

BY THE COURT:

Tena Campbell
United States District Judge

4